UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN A. COLES<br>    Plaintiff,<br><br>    v.<br><br>STEPHEN A. PERRY,<br><br>    Defendant. | Civil Action No. 01-0732 (JMF) |

MEMORANDUM OPINION

By my Memorandum Opinion of March 31, 2004, I resolved all of the issues created by Plaintiff's Motion for an Award of Equitable Relief. A separate order was entered on the same day, obliging defendant to take certain action. In that separate order, I retained jurisdiction for two limited purposes: 1) to consider any claim by plaintiff that documents in addition to the ones I specified in detail should be removed from her personnel file and 2) to consider any application by the defendant that it be permitted to deduct certain FECA payments from any back pay award if the Secretary of Labor decided not to order that those payments be deducted. In all other respects, my order specified exactly what the defendant was to do and not do in order to provide plaintiff the complete relief she was entitled to pursuant to the jury's verdict.

The defendant, however, invoking Rule 54(b) of the Federal Rules of Civil Procedure, now moves me to modify that order. That rule, however, authorizes only the modification of an "an order or form of decision" that "adjudicates fewer than all the claims or the rights" of a party. My order of March 31, 2004 was the precise opposite. It resolved all the claims for equitable relief that plaintiff made and reserved jurisdiction only to insure that she was obtaining the relief

I granted.  Indeed, whether or not a judicial decree is intended to be a final judgment is said to be a matter of intention.[1]  To that end, I can assure defendant that I purposefully drafted the order the way I did to resolve all issues and to permit the defendant to appeal if it saw fit.  Furthermore, in accordance with Rule 58, the order was a separate document and was filed by the clerk as such.  While denominated an order, it was unquestionably a final judgment.  Therefore, it was not subject to revision under Rule 54(b).  To the contrary, under Rule 59(e) any motion to amend or alter an order must be filed within ten days of the entry of final judgment.  Since none was, this Court now lacks jurisdiction to consider the defendant's motion, no matter how it is denominated.  Accordingly, the defendant's motion is denied and an order to that effect will be entered simultaneously.

Defendant's motion was apparently engendered by Plaintiff's Motion for A Status Conference, in which plaintiff complained that defendant was not complying with the March 31, 2004 order and urged that the Court convene "a status conference to set a schedule and procedures for resolving outstanding issues of equitable relief due her."  Since that motion, the submissions by the parties have convinced me that substantial, material issues of fact divide them.  Accordingly, I am ordering that a 90-day period of discovery commence with the issuance of the accompanying order, during which the parties may take no more than 10 depositions and propound 25 interrogatories and 25 requests for admission.  At the conclusion of that period of discovery, either party may file a motion for further relief consistent with the jurisdictional limitations discussed in this opinion.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated:

---

[1] United States v. F.&M. Schaefer Brewing Co., 356 U.S. 227, 232 (1958).