UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN A. COLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 01-732 (JMF) |
| ) | |
| DAVID BIBB, Acting Administrator of ) | |
| The General Services Administration, ) | |
| ) | |
| Defendant.[1] ) | |
| _____) | |

## FINAL JOINT STIPULATION AND AGREEMENT OF SETTLEMENT AND DISMISSAL

The parties to this action, Karen A. Coles ("Plaintiff"), and David Bibb, Acting Administrator of the General Services Administration ("Defendant"), hereby enter into the following Final Joint Stipulation and Agreement of Settlement and Dismissal ("Final Stipulation") in order to resolve certain matters in dispute in the above-styled action without further expense or delay, and accordingly do unconditionally agree to the following terms:

1. Plaintiff and Defendant enter into this Final Stipulation in order to make full and final settlement of any and all remaining claims that Plaintiff raised or could have raised in this action through the date of the execution of this Stipulation. Plaintiff agrees to accept the terms set forth herein in full satisfaction of any and all outstanding claims for compensatory damages and attorneys' fees and costs through the date of the execution of this Stipulation based upon and related to this cause of action and her employment with the General Services Administration Office of Inspector General ("GSA-OIG") through the date of the execution of this Final Stipulation.

---

[1] David Bibb became the Acting Administrator for the General Services Administration effective November 1, 2005. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, David Bibb should be automatically substituted as the defendant in this action for Stephen A. Perry, who was the previous Administrator.

2.    GSA-OIG shall promptly pay a lump sum of $307,000.00 (Three Hundred Seven Thousand Dollars and No Cents) without deduction, withholding or set-off by a check made payable to Robert C. Seldon & Associates, P.C., Trust Account. This amount represents $225,000.00 in settlement of Plaintiff's claims for front-pay, plus $32,000.00 (Thirty-Two Thousand Dollars) for the disputed amount Defendant sought to offset from any backpay award in this litigation based on Plaintiff's receipt of benefits under the Federal Employees Compensation Act pursuant to 5 U.S.C. § 8116(a). The remainder, $ 50,000.00 (Fifty Thousand Dollars), represents all outstanding attorneys' fees and costs.

3.    In consideration for the amounts specified in paragraph 2, Plaintiff agrees that she will take all steps necessary to retire from employment by GSA-OIG on the first date on which she is eligible to retire under the federal Law Enforcement and Firefighters Civil Service Retirement System and contemporaneously begin receiving an unreduced annuity under the federal Law Enforcement and Firefighters Civil Service Retirement System as any other GS-1811 Special Agent who retires from GSA-OIG in good standing. The parties anticipate that Plaintiff will first be eligible to retire and be treated after retirement as any other GS-1811 Special Agent who retires from GSA-OIG in good standing in or around October 2006. As long as circumstances do not arise between the time Plaintiff executes this Final Stipulation and her retirement is effective which would cause GSA-OIG to do otherwise for any other similarly situated GS-1811 Special Agent, Plaintiff will be treated as any other GS-1811 Special Agent who retires from GSA-OIG in good standing, and GSA will take any necessary steps to ensure that Plaintiff is eligible to retire. Nothing in this Final Stipulation shall limit or effect Plaintiff's right or ability to resign her employment voluntarily anytime before her retirement becomes effective. GSA-OIG will take steps either to continue

Plaintiff's qualification with a firearm until her retirement or to waive that qualification requirement in writing.

4. Contemporaneously with Plaintiff's execution of this Final Stipulation, or sooner at Defendant's sole election, Defendant will place Plaintiff on administrative leave with full pay (including, but not limited to, her current base pay as a GS-1811 Grade 14 Step 6, Law Enforcement Availability Pay, and locality adjustment) until the date of her retirement. Plaintiff agrees to relinquish to GSA-OIG's Washington Field Office the firearm and all other government property GSA-OIG assigned to her within two business days of executing this Final Stipulation. Plaintiff shall retain her GSA employee building pass and GSA-OIG badge and credentials which she may keep while she is on administrative leave. During the time Plaintiff is on administrative leave, she shall not be required to report to duty, to use sick or annual leave, or to perform the duties of her assigned position or any other position, and Plaintiff will be able to enroll in and undertake educational study without limitation, and to accept other employment to the extent such employment is consistent with law, the Governmentwide Standards of Conduct, and GSA-OIG guidelines and policies. During the time Plaintiff is on administrative leave, Plaintiff agrees and acknowledges that she will continue to be bound by the standards applicable to all federal employees, and nothing in this Final Stipulation shall limit Defendant's ability to discharge Plaintiff from employment for misconduct occurring after the execution this Final Stipulation.

5. The parties shall endeavor to direct all employment inquiries and requests for references concerning Plaintiff's employment by GSA-OIG to a mutually agreed upon employee of GSA-OIG, whose responses insofar as Ms. Coles' employment with GSA-OIG are concerned shall be limited to providing the beginning and ending dates of her employment, her positions, grade

levels and salary history as set forth in Plaintiff's Official Personnel File, which Plaintiff and her counsel have had the opportunity to review for conformance to the Court's March 31, 2004 Order, and a statement to the effect that Ms. Coles retired as a Special Agent on the date her retirement becomes effective. The parties shall also endeavor to direct all inquiries and requests for information concerning the outcome of this action to the same employee who, if asked, will state that this matter was resolved to the satisfaction of both parties with Ms. Coles having decided to retire in good standing as a GS-14 Special Agent with GSA-OIG for personal reasons. Until the parties agree otherwise, the employee designated for this purpose will be Charles Augone, Assistant Inspector General for Investigations.

6. This Final Stipulation by Plaintiff, Plaintiff's counsel and counsel for the Defendant shall compromise and constitute full accord and satisfaction of all Plaintiff's outstanding claims that have been, or could be, made in this case. Plaintiff waives, releases and abandons any and all claims through the date of execution of this Stipulation, whether asserted or unasserted, against the Defendant, the General Services Administration, GSA-OIG, or its agents or employees, that arose at any time during her employment by the General Services Administration, whether past or present that have accrued as of the date of the execution of this Final Stipulation. Such waived, released, and abandoned claims include, but are not limited to, those at issue in the above-styled litigation and any other complaint or grievance filed or pending in any other forum whatsoever, as well as any and all other claims arising out of the events and/or subject matter involved in said litigation or claims. This Final Stipulation shall include all Plaintiff's outstanding claims for attorney's fees and costs incurred in connection with the administrative Equal Employment Opportunity process, the District

Court litigation process and any other proceedings involving any claims raised in this action or otherwise through the date of execution of this Final Stipulation.

7. Plaintiff agrees not to institute any other actions, charges, complaints, appeals or other proceedings against Defendant or any of Defendant's past or present employees, officers, agents or representatives concerning any matter that was or should have been at issue in this proceeding as of the date of the execution of this Final Stipulation.

8. Plaintiff acknowledges that she has read this entire Final Stipulation and that she understands all of its terms and conditions. Plaintiff acknowledges that her attorney has reviewed and explained the provisions of this Final Stipulation to her and that Defendant has provided reasonable and sufficient time for this purpose.

9. This Final Stipulation does not constitute an admission or an acknowledgment of liability or fault or any wrongful conduct whatsoever on the part of the Defendant, its agents, servants, or employees, and does not constitute an admission or an acknowledgment on the part of Plaintiff that GSA-OIG is not at fault as found by the jury, and is entered into by both parties for the sole purpose of compromising disputed remaining claims and avoiding the expenses and risks of further litigation.

10. This Final Stipulation shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and assigns.

11. The parties understand that this Final Stipulation contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and Defendant, or their respective counsel, not included herein shall be of any force and effect.

12. The District Court shall retain jurisdiction over this matter only to enforce the terms of this Final Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, through their respective counsel of record, have stipulated and agreed to the foregoing as of the 28th day of February, 2006.

Respectfully submitted,

_____
Robert C. Seldon, D.C. Bar #245100
Molly E. Buie, Esq.
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W. - Suite 305
Washington, D.C. 20004
(202) 955-6968

Counsel for Plaintiff

_____
Karen A. Coles
Plaintiff

_____
KENNETH L. WAINSTEIN., D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th St., N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

Counsel for Defendant

**SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**Date:** _____